NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008
Decided November 18, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2129

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:06CR00038-015 |
| AHMAD FLEMMING, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

**O R D E R**

In 2008 Ahmad Flemming pleaded guilty to conspiring to possess with intent to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The parties agreed on page two of Flemming's plea agreement to a specific sentence of 240 months' imprisonment—the mandatory minimum given the amount of crack and Flemming's prior drug-felony conviction. *See* 21 U.S.C. § 841(b)(1)(A); FED. R. CRIM. P. 11(c)(1)(C). The district court accepted the plea agreement and sentenced Flemming, as agreed, to 240 months' imprisonment. *See* FED. R. CRIM. P. 11(c)(1)(C).

Flemming has filed a notice of appeal, hoping to challenge his prison sentence (but not his guilty plea). We lack jurisdiction, however. Under 18 U.S.C. § 3742, a defendant

who agrees to a specific sentence cannot appeal the sentence imposed except in three narrow circumstances: if his guilty plea was involuntary, if the sentence he received is greater than the sentence he bargained for, or if his sentence was imposed in violation of law. *See id.* § 3742(a)(1), (c)(1); *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir. 2005); *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996). Flemming does not want his plea set aside, so the first possibility is out. And the second is not tenable because Flemming's prison sentence tracks the agreement. As for the third possibility, Flemming's sentence is the lowest permitted by law. *See* 21 U.S.C. § 841(b)(1)(A). Because we do not have jurisdiction, we need not reach counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

DISMISSED.